IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN KENNER LYON, No. 1463298, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-3249-D |
| VS. | § | |
| | § | |
| BOBBY GRAY, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

The United States Magistrate Judge recommends that this action be dismissed. Although the court relies in part on somewhat different reasoning, it concludes following *de novo* review that the recommendation of dismissal is correct, and it adopts the magistrate judge's findings, conclusions, and recommendation as follows.

This is a lawsuit by plaintiff Edwin Kenner Lyon ("Lyon"), proceeding *pro se* and *in forma pauperis*, against defendants Bobby Gray ("Officer Gray"), a Waxahachie Police Officer; Lindy M. Tober ("Tober"), an Ellis County Assistant District Attorney; Charles Edge ("Chief Edge"), Chief of Police of Waxahachie, Texas; and Patrick M. Wilson ("Wilson"), the Ellis County District and County Attorney. Lyon's lawsuit arises from his conviction for the offense of indecency with a child. In sum, Lyon (the grandfather of the victim) alleges that Officer Gray and Tober conspired to convict him through the alteration of key documents in his case and the presentation of false testimony, and that Chief Edge and Wilson failed to adequately supervise Officer Gray and Tober, who were their subordinates, and to prevent the wrongful conduct taken against him.

In his January 6, 2015 findings, conclusions, and recommendation, the magistrate judge recommends that Lyon's action against Chief Edge be dismissed pursuant to 28 U.S.C. § 1915(e)(2)

based on Lyon's failure to plead the personal involvement necessary for supervisor liability under 42 U.S.C. § 1983. The magistrate judge recommends that Lyon's remaining claims—which the magistrate judge treats as being brought under § 1983—be dismissed until Lyon can satisfy the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Lyon objects to the magistrate judge's findings, conclusions, and recommendation, contending that he is suing defendants in their individual capacities and is seeking to recover for conspiracy under 42 U.S.C. § 1985 and 28 U.S.C. § 1343, not under 42 U.S.C. § 1983. The court adopts the recommendation of the magistrate judge, although it does so based on the following somewhat different reasoning.

To the extent that Lyon contends he has a viable claim under 28 U.S.C. § 1343, his contention is incorrect. 28 U.S.C. § 1343 is a jurisdictional statute. It confers jurisdiction on a federal district court to adjudicate, among other types of claims, an action brought under 42 U.S.C. § 1985. But it does not create a claim in and of itself. Accordingly, Lyon's claim under 28 U.S.C. § 1343—to the extent he is asserting one—is dismissed.

The court will assume for purposes of this decision that Lyon can assert a viable claim under 42 U.S.C. § 1985,[1] even though he does not allege that the conspiracy against him was motivated

---

[1]Lyon does not appear in his complaint, in his answer to the magistrate judge's questionnaire, or in his objections to the magistrate judge's findings, conclusions, and recommendation to identify the provision of 42 U.S.C. § 1985 under which his claim is brought. He is necessarily relying on 42 U.S.C. § 1985(3), however, because the other two provisions clearly do not apply. 42 U.S.C. § 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or

by a racial animus,[2] and it is doubtful, based on the allegations of his complaint, that 42 U.S.C. § 1985 even applies to this case. The magistrate judge correctly recommends that Lyon's action be dismissed until he can satisfy the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] *Heck* bars damage claims that, if successful, would necessarily imply the invalidity of a conviction. To avoid the *Heck* bar, the plaintiff must show that his conviction has been reversed, expunged,

---

> hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

[2]To establish a § 1985(3) claim, a plaintiff must demonstrate that:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) *the action of the conspirators is motivated by a racial animus*.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (emphasis added) (quoting *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989)).

[3]The magistrate judge does so on the mistaken assumption that Lyon is asserting a § 1983 claim, but the result of his recommendation applies equally to a claim under 42 U.S.C. § 1985.

declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, which Lyon has not done. The *Heck* bar applies not only to a claim under 42 U.S.C. § 1983 but to a claim under 42 U.S.C. § 1985(3). *See Stephenson v. Reno*, 28 F.3d 26, 26-27 & n.1 (5th Cir. 1994) (per curiam) (applying holding in *Heck* to 42 U.S.C. § 1985 claim); *see also Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n.1 (10th Cir. 2003) ("the holding in *Heck* has been extended to apply to claims brought pursuant to § 1985") (citing *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999); *Stephenson*, 28 F.3d at 26-27)).

Accordingly, following *de novo* review, the court overrules Lyon's January 16, 2015 objections and adopts the recommendation of the magistrate judge, although on the basis of the somewhat different reasoning in this order. By judgment filed today, Lyon's action is dismissed with prejudice until the *Heck v. Humphrey* conditions are met.

**SO ORDERED**.

March 30, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE